UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Avera Gettysburg, *doing business as* Avera Gettysburg Hospital, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Teva Pharmaceutical Industries, Ltd., et al.,<br><br>Defendants. | No. 23-cv-3882 (KMM/LIB)<br><br><br><br>**ORDER** |

This matter is before the Court on Plaintiffs' Motion to Remand pursuant to 28 U.S.C. § 1447(c). Pls.' Mot. (Doc. 11). Plaintiffs argue that this case should be remanded to state court due to lack of subject matter jurisdiction. Defendants oppose the motion. Defs.' Opp'n (Doc. 17). Because the Court agrees that subject matter jurisdiction is absent, the Plaintiffs' motion is granted and this matter is remanded to Hennepin County District Court.

**BACKGROUND**

Plaintiffs, which include several hospitals and healthcare systems, filed this case in the Fourth Judicial District, Hennepin County District Court, on November 14, 2023. Compl. (Doc. 1-1). Plaintiffs name several companies that market and distribute opioid medications as Defendants, dividing them into groups of "Marketing Defendants" and "Distributor Defendants." Generally, Plaintiffs allege that the Marketing Defendants have engaged in false, deceptive, and unfair marketing of opioids, and that all Defendants

1

breached duties to protect against suspicious opioids, all of which created a public health epidemic. Further, they allege that the Distributor Defendants unlawfully distributed opioids by failing to detect, block and report suspicious orders and misrepresented their compliance with legal duties.

The Complaint includes ten claims for relief. The first six claims are asserted under the statutes of Minnesota, Nebraska, North Dakota, and South Dakota, which impose protections against consumer fraud, deceptive trade practices, and false advertising.[1] The remaining four claims are common law torts, including nuisance (Seventh Claim for Relief), fraud and deceit (Eighth), civil conspiracy (Ninth), and unjust enrichment (Tenth).

On December 22, 2023, Defendant Cardinal Health, Inc. filed a Notice of Removal in this Court asserting that Plaintiffs' claims "arise under federal law." Notice of Removal ¶ 1 (Doc. 1). According to Cardinal Health, Plaintiffs alleged that it and "other Defendants violated and are liable under a federal statute, the Controlled Substances Act, 21 U.S.C. § 801, *et seq.* (the "CSA") and its implementing regulations." *Id.* Accordingly, Cardinal Health asserted that this action is removable because it necessarily raises a federal claim for purposes of determining jurisdiction under 28 U.S.C. § 1331. *Id.* ¶¶ 13–37. Plaintiffs filed their motion to remand on January 18, 2024, arguing that the case must be remanded

---

[1] The First Claim for Relief references Minnesota's Prevention of Consumer Fraud Act, Minn. Stat. § 325F.68, *et seq.* The Second Claim for Relief asserts violations of Minnesota's Deceptive and Unfair Trade Practices Act, Minn. Stat. §§ 325D.43 through 326D.48. The Third Claim for Relief alleges violations of Nebraska's Consumer Protection Act, Neb. Rev. Stat. §§ 59-1601, *et seq.* The Fourth Claim for Relief points to North Dakota's Consumer Fraud Act, N.D.C.C. § 51-15-01, *et seq.* The Fifth Claim for Relief alleges violations of South Dakota's Deceptive Trade Practices and Consumer Protection Act, SDCL § 37-24-21, *et seq.* And the Sixth Claim for Relief is brought under Minn. Stat. § 325F.67, which addresses false statements in advertising.

to Hennepin County District Court because it raises exclusively state law claims, none of those claims present a substantial federal question, and Defendants' position to the contrary has been repeatedly rejected by other courts. Pls.' Mem. (Doc. 14).

## DISCUSSION

### I. Legal Standard

A plaintiff may bring a motion to remand a case removed to federal court challenging the court's jurisdiction over the suit, and if "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Critically, the party seeking removal has the burden to establish federal subject matter jurisdiction, [and] all doubts about federal jurisdiction must be resolved in favor of remand[.]" *Central Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009) (citations omitted).

A defendant may remove an action from state court to federal district court where "at least one claim falls within the original jurisdiction of the federal court." *Minnesota v. Am. Petrol. Inst.*, 63 F.4th 703, 709 (8th Cir. 2023). One source of original jurisdiction is 28 U.S.C. § 1331, which provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal district courts have such "federal question jurisdiction" only when the plaintiff's complaint presents the federal question on its face. *Am. Petrol. Inst.*, 63 F.4th at 709. Under the well-pleaded complaint rule, a plaintiff "'may avoid federal jurisdiction by exclusive reliance on state law.'" *Id.* (quoting *Caterpillar Inc. v. Williams*, 483 U.S. 386, 392 (1987)).

Two exceptions to the well-pleaded complaint rule can support removal even where the face of the complaint presents no federal question. *Cagle v. NHC Healthcare-Maryland Heights, LLC*, 78 F.4th 1061, 1066 (8th Cir. 2023). These exceptions apply "when the state law claims (1) are completely preempted by federal law or (2) necessarily raise a substantial, disputed federal question." *Id.* (quotations omitted). This case involves the second of these exceptions.[2]

The second exception to the well-pleaded complaint rule, which is sometimes referred to as the "*Grable* doctrine,"[3] *Am. Petrol. Inst.*, 63 F.4th at 711, applies in a "'special and small category of cases,'" *Cagle*, 78 F.4th at 1067 (quoting *Gunn v. Minton*, 568 U.S. 251, 258 (2013). Under this doctrine "federal jurisdiction over a state law claim will lie if a federal issue is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* (citing *Gunn*, 568 U.S. at 258).

A state law claim 'necessarily raises' a federal issue when the question of federal law is a 'necessary element of one of the well-pleaded state claims." *Id.* (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 13 (1983)). But the issue of "necessity" must be assessed with "precision." *Am. Petrol. Inst.*, 63 F.4th at 711 (quoting *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Oper., Inc.*, 561 F.3d 904, 914 (8th Cir. 2009)). "A removing defendant should be able to point to the specific

---

[2] Defendants do not argue that Plaintiffs' claims are completely preempted by federal law. Defs.' Opp'n, *passim*.

[3] *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).

4

elements of the plaintiff's state law claims that require proof under federal law." *Id.* (cleaned up).

## II. Analysis

Defendants argue that they have met their burden because they have shown that all four elements of the *Grable* doctrine are satisfied. However, as explained below, the Court finds that Defendants have failed to demonstrate that Plaintiffs' Complaint necessarily raises a federal issue. *Am. Petrol. Inst.*, 63 F.4th at 712 ("Because the 'necessarily raised' element is not satisfied, the *Grable* exception to the well-pleaded complaint rule does not apply to [the plaintiff's] claims."); *Arkansas v. TikTok Inc.*, No. 1:23-CV-01038, 2023 WL 4744903, at *5 (W.D. Ark. July 25, 2023) (explaining that *Grable* applies when "all four elements are satisfied").

The Defendants focus on Plaintiffs' nuisance claim[4] and argue that a federal issue is a necessary element of that claim because it depends entirely on a duty imposed by the CSA. But the Defendants don't say much about the applicable law of nuisance or the elements the Plaintiffs are required to establish to prevail on a public nuisance claim.[5] In Minnesota, a public nuisance is a misdemeanor. The statute provides, in relevant part:

---

[4] Because Defendants do not contend that a federal issue is necessarily raised by any of Plaintiffs' other causes of action, the Court addresses only the nuisance claim. One federal issue in one claim is sufficient to support removal.

[5] The Complaint refers in several places to Defendants' conduct causing "a public nuisance." Compl. ¶¶ 120, 810, 873. Under Minnesota law, private nuisance claims are "limited to real property interests." *Anderson v. State of Minn., Dep't of Natural Res.*, 693 N.W.2d 181, 192 (Minn. 2005). Real property interests do not appear to be the focus at all of Plaintiffs' nuisance claims.

> Whoever by an act or failure to perform a legal duty intentionally does any of the following is guilty of maintaining a public nuisance, which is a misdemeanor:
>
> (1) maintains or permits a condition which unreasonably annoys, injures or endangers the safety, health, morals, comfort, or repose of any considerable number of members of the public. . . .

Minn. Stat. § 609.74. Although this statute is generally enforced by public authorities, under certain circumstances, a private plaintiff may bring a public nuisance claim.[6]

In their nuisance claim, Plaintiffs allege that Defendants have created a public nuisance through the "over-saturation of opioids in the patient population of Plaintiffs and in the geographic area served by Plaintiffs for illegitimate purposes, as well as the adverse social, economic, and human health outcomes associated with widespread illegal opioid use." Compl. ¶ 820. The Marketing Defendants allegedly "participated in nuisance-causing activities . . . through their marketing of opioids" and all Defendants allegedly "exacerbated the flood of opioids into Plaintiffs' communities in ways that unreasonably interfere with the public health, welfare, and safety in Plaintiffs' communities." *Id.* ¶¶ 822–23. Further, Plaintiffs assert that "Defendants' nuisance-causing activities include selling or facilitating the sale and distribution of prescription opioids to patients who seek

---

[6] If a public nuisance causes an individual "special or peculiar damage" that is "not common to the general public," Minnesota law provides for a private remedy. *N. Star Legal Found. V. Honeywell Project*, 355 N.W.2d 186, 189 (Minn. Ct. App. 1984) (quoting *Hill v. Stokely-Van Camp, Inc.*, 109 N.W.2d 749, 753 (Minn. 1961)). Other states implicated by the Complaint have similar requirements. N.D.C.C. § 42-01-08 ("A private person may maintain an action for a public nuisance if it is specially injurious to that person."); *Williamson v. Kelley*, 271 N.W.2d 727, 729 (Iowa 1978) ("In order for a private party to assert a claim [for public nuisance], he must prove he has been injured in a special manner different from the public generally.").

treatment for all purposes (not merely overdoses) at the Plaintiffs' Hospitals, as well as to other members of the communities in Minnesota." *Id.* ¶ 825. Plaintiffs allege that Defendants failed "to implement effective controls and procedures in their supply chains to guard against theft, diversion and misuse of controlled substances," and caused the public nuisance through "their failure to adequately design and operate a system to detect, halt and report suspicious orders of controlled substances." *Id.* ¶ 826. These actions allegedly caused significant harms and created a public health crisis, while Defendants had the ability to tell the truth about opioids and control the flow of opioids into Plaintiffs' communities. *Id.* ¶¶ 828–32.

Elsewhere in the Complaint, Plaintiffs allege that under the federal Controlled Substances Act's implementing regulations, distributors and manufacturers of opioids are required to certify compliance with state and federal law, including designing and operating systems to disclose suspicious orders and maintain effective controls against diversion. Compl. ¶ 413 (citing 21 C.F.R. § 1301.74; 21 U.S.C. § 823(a)(1)). The Complaint also references prior DEA enforcement actions that require Distributor Defendants to stop shipment on any orders that are flagged as suspicious, only ship those orders after confirming that the order will not be diverted to illegal channels, and in any event to report all flagged orders. *Id.* ¶ 415 (citing *Southwood Pharm., Inc.*, 72 Fed. Reg. 36,487, 36,501 (Drug Enf't Admin. July 3, 2017); *Masters Pharm., Inc. v. Drug Enf't Admin.*, 861 F.3d 206 (D.C. Cir. 2017)); *see also id.* ¶¶ 460, 462–63 (discussing DEA communications to Distributor Defendants). In addition, the Complaint points to the controlled substances statutes of Iowa, Nebraska, Minnesota, North Dakota, and South Dakota and the

7

requirements they impose on manufacturers, distributors, and dispensers of opioids to maintain controls against diversion of controlled substances and keep accurate records regarding their distribution. *Id.* ¶¶ 403–12.

Defendants argue that these references to the CSA throughout the Complaint reveal that the only source of the duty that forms the basis for the Plaintiffs' nuisance claim is federal law. The Court disagrees. The mere fact that the Complaint has referenced the CSA or even woven CSA-related issues into the nuisance claim does not mean that a federal issue has become an essential element of the nuisance claim. *See Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 (1986) (explaining that *Franchise Tax Board*'s recognition that jurisdiction may lie when a "'question of federal law is a necessary element of one of the well-pleaded state claims' . . . did not purport to disturb the long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer jurisdiction") (quoting *Franchise Tax Bd.*, 463 U.S. at 13); *see also Lester E. Cox Med. Centers v. Amneal Pharms., LLC*, No. 6:20-03152-CV-RK, 2020 WL 3171452, at *2 (W.D. Mo. June 15, 2020) ("A state claim that incorporates a violation of federal law is insufficient to demonstrate the federal issue is 'substantial.'") (discussing *Merrell Dow*, 478 U.S. 804).

Moreover, "'when a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim.'" *Howell v. Grant Holding, Inc.*, No. 03-cv-5059 (JMR/FLN), 2004 WL 1166955, at *3 (D. Minn. 2004) (quoting *Rains v. Criterion*, 80 F.3d 339, 346 (9th Cir.

1996)). That is the situation here. It is unclear why the Complaint's references to the CSA highlighted by the Defendants would make a federal issue an essential element of Plaintiffs' nuisance claim when Plaintiffs also refer to state law as the source of similar obligations. On this record it appears that whether or not Defendants' conduct constitutes a public nuisance can be determined by reference to standards established by Minnesota or other state law independent of the CSA. *See Fayetville Ark. Hosp. Co., LLC*, 2020 WL 2521515, at *2 ("Plaintiffs have relied on state statutory and common law theories for each of their claims. Ultimately, a court may conclude that Plaintiffs have not pled an adequate basis for the duties they ascribe to Defendants, but that will be a matter of state law and will not require any interpretation or application of the CSA.").

In this regard, the Court finds the reasoning in *DCH Health Care Auth. v. Purdue Pharma L.P.* to be instructive. 19-cv-756-WS-C, 2019 WL 6493932 (S.D. Ala. Dec. 3, 2019). In that case, the plaintiff asserted a negligence per se claim, alleging that the defendants violated the Alabama Uniform Controlled Substances Act (AUCSA) "by failing to report suspicious orders and by failing to operate a system to stop orders that have been, or should have been, flagged as suspicious." *Id.* at *4. The defendant, Kroger, argued that only the CSA imposed those duties because they were merely incorporated into the AUCSA. *Id.* The court found that provisions of AUCSA and its implementing regulations would not support a conclusion that state law did not provide a source of the relevant duty. *Id.* It explained:

> [W]hile Count One rests negligence *per se* in part on violations of the CSA, it also rests negligence *per se* on violations of AUCSA and its regulations. Kroger has failed to show that all

9

> – or any – of these asserted state-law violations either depend on non-existent state-law duties supplied by statute or regulation or that the content of those state-law duties is measured by federal law.

*Id.* Here, too, the Complaint references provisions of Minnesota, Iowa, and other states' laws and regulations. Although Defendants have argued generally that those laws have incorporated the CSA, they have not shown that Plaintiffs' nuisance claims depend on non-existent state-law duties or that the obligations imposed by those state laws and regulations are "measured by federal law." *Id.*

In similar circumstances, many other courts have determined that federal jurisdiction was absent where complaints raised only state law claims and references to the CSA did not necessarily raise a substantial federal issue. *See, e.g.*, *Pulaski Cnty. v. Walmart Inc.*, No. 4:20-CV-00983 JM, 2020 WL 5746845, at *2 (E.D. Ark. Sept. 25, 2020) (finding that although the plaintiffs acknowledged violations of the CSA would provide evidence of a breach of the defendants' duties, "it is possible for the claims to be resolved without resolution of the CSA issues," and remanding the case to state court); *City of Philadelphia v. CVS RX Servs., Inc.*, No. 21-cv-4701, 2022 WL 226072, at *2 (E.D. Pa. Jan. 26, 2022) ("The Complaint discusses the CSA only as a potential basis—among others—for establishing Defendants' liability under Pennsylvania state tort law."); *Lester E. Cox Med. Ctrs.*, 2020 WL 3171452, at *2–3. Indeed, the strong majority of courts to explore the issue in very similar litigation have agreed.

Finally, the Court notes that the CSA does not provide a private right of action. Other courts have found this reality reinforces the conclusion that complaints comparable

10

to this one do not necessarily raise a federal issue. *E.g.*, *Fayetteville Ark. Hosp. Co., LLC v. Amneal Pharm.*, LLC, No. 5:20-cv-5036, 2020 WL 2521515, at *1 (W.D. Ark. May 18, 2020) ("The conclusion that there is no federal subject-matter jurisdiction is further strengthened by the fact that the CSA itself does not provide a private right of action.") (citing *Zink v. Lombardi*, 783 F.3d 1089, 1113 (8th Cir. 2015)).

In sum, although Plaintiffs' Complaint raises only state law claims, Defendants have argued that the Court has subject matter jurisdiction because a substantial federal question is necessarily presented by their nuisance claim. But the Defendants have failed to show that the "necessarily raised" element of the *Grable* exception is satisfied. Accordingly, the Court remands this case to state court.

## ORDER

For the reasons set forth above, IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion to Remand (Doc. 11) is GRANTED.

2. This matter is REMANDED to the State of Minnesota District Court, Fourth Judicial District, County of Hennepin.

Date: May 7, 2024

*s/Katherine Menendez*
Katherine Menendez
United States District Judge